UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARA McGRAW,   CASE NO.

    Plaintiff,

v.

EMERGENCY RECOVERY, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEARA McGRAW ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, EMERGENCY RECOVERY, INC. ("Defendant"), and respectfully states as follows:

### NATURE OF ACTION

1. This is a civil action for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); unpaid wages pursuant to Article X, Section 24, Florida Constitution; and breach of contract.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's claims under Florida law is appropriate under 28 U.S.C. § 1367.

3. The venue over this controversy is proper with this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Hillsborough County, Florida, worked for Defendant in Hillsborough County, Florida, and Plaintiff's claims arose, in substantial part, in Hillsborough County,

Florida. Defendant regularly conducts business in Hillsborough County, Florida, and is thus subject to personal jurisdiction in this District.

## PARTIES

4. Plaintiff is an individual residing in Hillsborough County, Florida, and was engaged in commerce as defined by FLSA through her employment with Defendant.

5. Defendant, EMERGENCY RECOVERY, INC., is a Florida for-profit corporation with its principal address in Coconut Creek, Broward County, Florida. Defendant is an enterprise engaged in commerce as defined by FLSA and was Plaintiff's employer as that term is defined under FLSA.

## FACTS

6. Defendant holds itself out as providing specialized services and solutions to hospitals and physicians in the area of third-party liability. Defendant claims to identify viable claims, expedite payment recovery, and track and report progress and performance.

7. Plaintiff was employed as a member of Defendant's bookkeeping department beginning about February 2017. Plaintiff worked as a non-exempt, hourly employee and was paid $16.50 per hour for hours work.

8. Since Plaintiff's employment with Defendant began, Defendant has failed to compensate Plaintiff for all hours worked.

9. Specifically, Defendant never paid Plaintiff for hours that she worked from April 23, 2017, through April 26, 2017. Plaintiff worked 6.5 hours on each of those days.

10. Plaintiff has incurred damages from Defendant's unlawful acts.

11. Plaintiff has retained the law firm of Savage Villoch Law, PLLC, to represent her has agreed to pay said firm a reasonable attorneys' fee for its services.

12. All conditions precedent to the filing of this action have been fulfilled by Plaintiff or waived by Defendant.

### COUNT I
### VIOLATION OF THE WAGE PROVISIONS
### OF THE FAIR LABOR STANDARDS ACT

13. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 12.

14. Defendant violated the FLSA by failing to compensate Plaintiff for all hours worked.

15. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

A. Unpaid hours worked found to be due and owing;

B. An additional equal amount as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. Reasonable attorneys' fees and costs; and/or

E. Such other relief as the Court deems just and equitable.

### COUNT II
### UNPAID WAGES PURSUANT TO ARTICLE X,
### SECTION 24 OF THE FLORIDA CONSTITUTION

16. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 12.

17. This is an action brought pursuant to Article X, Section 24 of the Florida Constitution.

18. Defendant willfully failed to pay Plaintiff wages due to her for all hours worked. This constitutes unpaid wages under Chapter 448.08, Florida Statutes, and Article X, Section 24 of the Florida Constitution.

19. Pursuant to the Florida Constitution and Chapter 448.08, Florida Statutes, Plaintiff is entitled to an award of its reasonable attorneys' fees and costs upon prevailing in this action.

WHEREFORE, Plaintiff demands judgment against Defendant, EMERGENCY RECOVERY, INC., for any back wages unlawfully withheld plus the same amount as liquidated damages, and reasonable attorney's fees and costs, along with such other and further relief as the Court may deem proper.

## COUNT III
## BREACH OF CONTRACT

20. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 12.

21. Defendant employed Plaintiff and promised Plaintiff that it would pay her $16.50 per hour for each hour worked.

22. Plaintiff accepted those terms and worked from April 23, 2017, through April 26, 2017. She worked 6.5 on each of those days.

23. Defendant breached the contract by failing to pay Plaintiff for those hours worked.

WHEREFORE, Plaintiff demands a judgment against Defendant for $429.00 and such other relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable.

*/s/ Villoch*
Alfred Villoch, III
Florida Bar No. 631434
**Savage Villoch Law, PLLC**
412 E. Madison Street, Suite 1120
Tampa, Florida 33602
Tel: (813) 251-4890
Fax: (813) 354-4561
Service email: alfred@savagelaw.us